FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 18 2022

KEVIN P. WEIMER, Clerk
By: *Paul Thu* Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
_____ DIVISION

_Louis Brown III_
(Print your full name)

Plaintiff *pro se*,

v.

_Macy's Retail Holdings, LLC_

_____

_____

(Print full name of each defendant; an
employer is usually the defendant)

Defendant(s).

CIVIL ACTION FILE NO.

**1:22-CV-3322**

(to be assigned by Clerk)

### _PRO SE_ EMPLOYMENT DISCRIMINATION COMPLAINT FORM

### Claims and Jurisdiction

1. This employment discrimination lawsuit is brought under (check only those that apply):

    X        Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

        **NOTE**: To sue under Title VII, you generally must have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

Page 1 of 9

_____   Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq., for employment discrimination against persons age 40 and over, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Age Discrimination in Employment Act, you generally must first file a charge of discrimination with the EEOC.

_____   Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Americans With Disabilities Act, you generally must have received a notice of right-to-sue letter from the EEOC.

_____   Other (describe) _____

_____

_____

_____

_____

2.   This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

## Parties

3.    Plaintiff.    Print your full name and mailing address below:

Name    _Louis Brown III_

Address    _3007 Sonya Lane_

    _Snellville GA, 30078_

4.    Defendant(s).    Print below the name and address of each defendant listed on page 1 of this form:

Name    _Macy's Retail Holdings, LLC_

Address    _1500 Southlake Circle_

    _Morrow GA, 30260_

Name    _Macy's Retail Holdings, LLC_

Address    _7 West Seventh Street_

    _Cincinnati, OH 45202_

Name    _____

Address    _____

    _____

## Location and Time

5.    If the alleged discriminatory conduct occurred at a location **different** from the address provided for defendant(s), state where that discrimination occurred:

    _____

    _____

6.   When did the alleged discrimination occur?  (State date or time period)

_February 2, 2021_ _____

_____

_____

_____

## **Administrative Procedures**

7.   Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency?   _X_ Yes        _____ No

If you checked "Yes," attach a copy of the charge to this complaint.

8.   Have you received a Notice of Right-to-Sue letter from the EEOC?

_X_ Yes        _____ No

If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter: _____

9.   If you are suing for **age discrimination**, check one of the following:

_____     60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

_____     Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

10.   If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

_____ Yes          _____ No          __x__ Not applicable, because I was not an employee of, or applicant with, a State agency.

If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

_____

_____

_____

_____

11.   If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

_____ Yes          _____ No          __x__ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

If you checked "Yes," describe below what happened in that administrative process:

_____

_____

_____

_____

## Nature of the Case

12.  The conduct complained about in this lawsuit involves (check only those that apply):

    _____      failure to hire me
    _____      failure to promote me
    _____      demotion
    _____      reduction in my wages
    _____      working under terms and conditions of employment that differed from similarly situated employees
    _____      harassment
    _____      retaliation
    __X__      termination of my employment
    _____      failure to accommodate my disability
    __X__      other (please specify) _Disparate treatment (Gender)_

13.  I believe that I was discriminated against because of (check only those that apply):

    _____      my race or color, which is _____
    _____      my religion, which is _____
    __X__      my sex (gender), which is   _X_ male   \_\_\_\_ female
    _____      my national origin, which is _____
    _____      my age  (my date of birth is _____)
    _____      my disability or perceived disability, which is:

    _____      my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation

    _____      other (please specify) _____

14.   Write below, as clearly as possible, the essential facts of your claim(s). Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved.  Include any facts which show that the actions you are complaining about were discriminatory or retaliatory.  Take time to organize your statements; you may use numbered paragraphs if you find that helpful.  Do not make legal arguments or cite cases or statutes.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(Attach no more than five additional sheets if necessary; type or write legibly only on one side of a page.)

In response to Macy's Retail Holdings, LLC (Macy's):

### A.   Employment History

Macy's me in the capacity of an Asset Protection Detective on November 18, 2019, at the Greenbriar Mall store in Georgia (which has since closed). On September 16, 2020, I was promoted to Assistant Asset Protection Manager at the Southlake Mall store in Georgia. On January 29, I was advised by Store Manager Elyse Allen that I was being placed on suspension by Eddie Hale and received a suspension notice with no reason for suspension **Exhibit 1** and advised by Allen to contact Macy's Colleague Support after 3 PM later that day. On February 2, 2021, I was advised by Allen via text message, **exhibit 2** that per Hale I was to contact Yvonne Simmons of Macy's Colleague Support at 12 PM, of the same day. On February 2, 2021, I noticed a change to Macy's policy AP-001 which superseded its date of 7/17/2020 **Exhibit 3**. On February 3, 2021, I was verbally advised by Simmons via phone that Macy's was separating employment.

### B.   Asset Protection Process (5 steps and apprehension)

Asset Protection Detectives prevent shoplifting and act to recover merchandise when allowable under the Asset Protection Policies. When a suspected shoplifter (also referred to as a "subject") is in the store, Detectives can either make an apprehension to recover merchandise or conduct a "burn" to scare shoplifters into abandoning their attempted theft. Detectives are prohibited from making an apprehension unless they are authorized to apprehend under Macy's policies, and they have established and observed each of the "Five Steps." Prior to making an apprehension, certified Asset Protection personnel must: (1) observe the subject entering the area of the store where the selection occurs, (2) observe the selection of merchandise in that area, (3) observe the concealment of the merchandise and know the exact location of the merchandise at all times, (4) continuously observe the subject through unbroken surveillance, and (5) observe the subject attempting to exit the building. Exhibit 4, The Five Steps.

Asset Protection personnel who make apprehensions without all Five Steps are subject to discipline up to termination. If any of the Five Steps are missing, they can attempt a burn to recover merchandise from a suspected shoplifter by making their presence known through eye contact or radio activity to let the suspect know they are being observed. Detectives are not permitted to conduct a burn over the intercom.

As stated in various policies, including The Five Steps and Asset Protection Standards of Conduct,4 Asset Protection personnel are strictly prohibited from making apprehensions based solely on the observations and/or statements of anyone other than a qualified and "authorized" Asset Protection Detective or Asset Protection official. Exhibit 5, Standards of Conduct. All incidents involving suspected thefts or other incidents wherein an individual was approached, questioned, stopped or in any way detained by Asset Protection, must be immediately documented on the appropriate form covering such incidents. The Standards of Conduct make clear that all reports must be accurate, factual, complete, and timely.

Macy's Retail Holding, LLC process does not define what an apprehension in their policy or in their training manual. From my understanding and per Merriam-Webster, "Apprehension is defined as the detention or seizure by legal process: ARREST. Furthermore, Macy's Retail Holding, LLC stated I signed off on the Standards of Conduct on October 7, 2020, but failed to note that the Standards of Conduct does not state the (5 Step Process) policy **Exhibit 4 (Macy's Exhibit 1)**. In fact, the copy that was presented to me of the Standards of Conduct for Asset Protection Procedure AP-001 does not contain the (5 Step Process) and, changes were made on February 2, 2021, to supersede the July17, 2020 date in which a copy was not acknowledged or presented to me at the July 17, 2020, date or throughout the investigation.

### C.   Past Discipline and Training

In reference to the incident on February 16, 2020, Macy's Retail Holding, LLC stated that I was not trained, to make apprehensions, and I did not stop the customer. Macy's Retail Holding, LLC then stated that Mr. Watson, not

I who stopped and asked the customer if she switched the merchandise. On February 18, 2020, I received a suspension notice **Exhibit 5 (Macy's Exhibit 6)** from then Store Manager Robin Givens without an explanation as to why I was being suspended. On February 20, 2020, I advised to sign a Final Warning. I was told being that I was operating in the capacity of a detective and my title was higher than a Visual Security Officer (VSO) and although I did not conduct the stop, it was my responsibility to defuse the situation in which that's what I thought I was doing. Without additional training, on March 6, 2020; I met with Eddie Hale, Calvin Cox via zoom with Royteshia Venisee (Assistant Asset Protection Manager) present for a certification call. During the zoom meeting, Cox exited, and I was asked (4) questions by Hale. 1. What is the C.A.S.E model? 2. What is the "5 Step process? 3. A fitting room scenario, and if you see a person take a pair of earrings from the jewelry counter, would you stop them. I responded yes, and he asked why, I replied because of the dollar amount even though it is a palm able item. He stated that I would be right but most of the time we would not make that stop. He stated that it was a trick question. That concluded the zoom call, **Hales stated to me that he did not hiring former police officers because he does not believe they differ between enforcement law and corporate security,** and I was certified. Hale advised Venisee to sign is name on my training packet for completion that I received the correct training although he had never trained me as was not aware of how I was trained. On March 16, 2020, I was advised that the store would be closing due to Covid-19. On May 4, 2020, I was the only AP personal to return to the store although other stores returned the Asset Protection Managers.

There is no documented coaching and/or counseling that I received in early November 2020 pertaining to an October 23, 2020, incident. I have only encountered Tym Conklin via weekly AP zoom meetings. The only documented disciplinary forms presented to me were the two suspension notices without stating the reasoning for the termination and a separation notice which emailed to me on May 27, 2021.

### D. The incident

In the December 18, 2020, incident, a Macy's colleague, who was working in the Kid's Department (a high theft department/area in the store, located on the 2nd level of the store) observed two "SUBJECTS" select merchandise from the clothing fixtures located within the department, remove them from the hangers, and place them into bags. The colleague contacted me via phone, advised me of what he was observing and gave a description (clothing attire and color of bags they concealed the merchandise in) of both "SUBJECTS". At that time, I was on the 1st level conducting floor observation. Once I made my way to the 2nd level, I positioned myself near the Kid's Department exit door and attempted to find the "SUBJECTS" and attempt to conduct a "**BURN**" (because I did not observe the enter the department, select the items, or conceal the items). While doing so, I noticed a "SUBJECT" who fit the description given and who was in possession of the described bag walk towards the exit door (accompanied with a small child) and attempt to exit. At that time the sensor alarm sounded, and I stated to the "SUBJECT" that there may be a sensor on her items. The "SUBJECT" was observed bypassing the register and walked over to where the second "SUBJECT" was standing. At this time, I made a page via store intercom for the stores Visual Security Officer (VSO) to go to the mall entrance because the store radios/walkie talkies were inoperable at the time and VSOs are not to be on their cell phones while on the sales floor. Following the Macy's AP Detective Training Manual (Effective 8/30/2018 on page 32) I was attempting to, and I quote, "proper detective **positioning** during floor surveillances will ensure you are able to continue observations even if the "SUBJECT" goes out of Close Circuit Television (CCTV) view, hearing tags or tickets being removed overhearing conversations between multiple subjects and being able to approach the subject(s) quickly as he/she exits the store. Macy's did not have a policy prohibiting the use of intercom as a burn technique.

Simultaneously, Keith contacted me via phone and asked was everything okay and inquired asked if I needed his assistance. I advised Keith of a possible "SUBJECT" and gave him the description. Keith stated he was near the Men's Department (a high theft department in the store) and was able to see the SUBJECT who was still in possession of the suspected bag and child. Keith added that the SUBJECT began to walk fast towards the Men's Active Department through the Men's Fragrance Department and then began to run dragging the child. It was later noted that Keith through continuous observation, was able to position himself near the exit door located near the Men's Polo Department and retrieve the bag from the "SUBJECT" as she attempted to exit the store. This action caused the "SUBJECT" to drop her cell phone and leave her child behind as she ran towards the Kid's Department. Being that the child left behind, I contacted the Morrow Police Department to report an abandoned child. The child was taken to the AST office and accompanied by a female supervisor. Upon arrival of Morrow Police Officer Byrdlong, I gave

Keith a breakdown of what happened prior to him becoming involved and asked that he write the report while I assist the police, to locate the SUBJECT(S). In the search, (2) bags (as described by the colleague) were located but we were unable to locate the SUBJECT(S) as they had apparently left the store. As a result of the **"BURN"** we were able to recover approximately $902.05 in merchandise including the items that were observed being selected and concealed. Keith completed the report and turned it over to Officer Byrdlong, who advised that based on the dollar amount of the attempted theft for shoplifting and child abandonment. Keith then submitted the report into the Macy's system for approval. I later approved the report as complete.

On December 28, 2020, I received an email from Norman Smith (Manager, Civil Recovery) who advised me that I needed to change the title of the report because the report should not have been classified as an external (outside theft) being that no apprehension had taken place. Smith stated that once the SUBJECT was in custody then I could go back in and change it to an external but for now it should be classified as either a merchandise recovery or incident report.

On January 1, 2021, I attempted to change the title but was unable to do so. I then reached out to Eddie Hales to rectify the problem. Hales advised me to call him via text. When I spoke with Hales, he stated that he had questions about the incident. Hales questioned about the child involved. Then Hales questioned did Keith grab the SUBJECT or the bag? I advised Hales that I that I was advised that he grabbed the bags. Hales next question was who initiated the stop? I advised him that I received a call about the SUBJECTS selecting the items. He then inquired if I saw them select or conceal? I stated I did not that was the reason for the burn. Hales stated that so you didn't have the "5 Steps" I stated no because it was not an apprehension. Hales final question was who wrote the report. I advised Keith did. Hales asked why did Keith write the report? I advised him that being that Keith was a part of the burn and being that he was the one who grab the bags. Plus, Keith needed the training, and I was assisting the officer. Hales advised that he needed me to email him a statement.

On January 2, 2021, Hales text me asking if I was at work. I responded no and then called Hales. Hales stated it was nothing to work about that I could take care of it when I returned to work. On January 5, 2021, Hales contacted me via phone and advised me that I needed to email him a statement stated that I did not read Keith's report before I approved it. On January 6, 2021, Hales contacted me via text stated that he did not receive/ see my statement. On January 11, 2021, Hales contacted me via text stating he was trying to wrap up the incident, asked for Keith whereabouts, and continuously asked for me to have Keith to call him and questioned why Keith had not called him.

**E. False statements**

Macy's provided several false statements in the positions statement surrounding the incident. I did not ask SUBJECT for a receipt. It is not against Macy's policy to use the intercom to request colleagues to and area of help/assistance. I did not instruct Keith to stop or grab the SUBJECT. In an email wrote by Keith to Hales, Keith stated that there was a possible misunderstanding of what I told him and what he wrote in the report. **Exhibit 6** The only deviations between the two reports were who observed the SUBJECTS selecting and concealing the merchandise. **Exhibit 7 and Exhibit 8.** Macy's continuous to argue the (5 Steps) for an apprehension, but an apprehension was not conducted in this incident.

**F. Claims of Gender Discrepancy**

As Macy's stated in their position, Royteshia Venisee (RV) who is a female accompanied the same title as me during my tenure with Macy's. As Macy's noted, on page 4 paragraph 1 of their position statement, I received a final written warning for participating in a non-productive stop of a customer without observing the "5 Steps". Macy's acknowledged on page 6 paragraph 1, that while in the same position at the same store (RV) received a written warning for conducting a non-productive stop without observing the "5 Steps".

In addition, while in the position of Assistant Asset Protection Manager, on February 1, 2020 (RV) filed a police report after approach two male and accusing them of stealing two pair of Levi jeans (approximately $35 each). This incident cased (RV) to call the Atlanta Police Department and file a police report **Exhibit 9**. In a statement given to Atlanta Police Officers, (RV) stated that she approached the two black males ages between 16 to 18 that attempted to walk out of the store without paying for merchandise. In the video footage **Exhibit 10** obtained from the Macy's located at the Greenbriar Malls Asset Protection camera system provided to the Atlanta Police Department for investigation. It is seen that (RV) followed the male up the escalator which is in the middle of the store and engaged

in a verbal, almost physical altercation violating several of Macy's Standards of Conduct and Macy's Asset Protection Procedure Standards of Conduct which include but are not limited to: General Conduct as her actions were not above reproach, Reporting Questionable stop or threaten litigation, Preparation of Report and Records, Pursuit of Suspects, and Professional Conduct.

Macy's claims that (RV) was not a comparator, but I have noted two separate instances where (RV) of a different gender has shown conduct of the same and been involved in similar incidents while in the same job title and has received more lenient and/or no disciplinary actions while still employed.

Macy's noted that the decision to terminate was not on Macy's Asset Protection, but that of a nationwide team of Human Resource professionals. If that is true, why did Eddie Hales provide Elyse Allen direct person for me to contact through Macy's Solution InStore, Yvonne Simmons. In (1 day) Simmons decided to separate employment stating based on Eddie Hales reporting documents she found clause I approved a false report. In Step 2, of the investigation, Tina Williams concerned with the decision with Simmons after (45 days) stating I did not have the "5 Steps" for an apprehension and that I did not read Keith's report before approving it after it was already given to police. Macy's InStore Solution contacted me via email for Step 3. Investigator Nikki Washington concurred and upheld the decision after (30 days).

**Conclusion**

Macy's has denied knowledge and accountability of (RV's) actions and acknowledged that they have shown (RV) favorable treatment in similar incidents while we both held the same capacity. In addition, Macy's has made false accounts of incidents provided and continues to state and ground their argument around the "5 Steps" for an apprehension where no apprehension occurred. Macy's fails to address the fact Eddie Hales accused me of submitting false reports but submitted false training records acknowledging that I received the correct training, as he never trained me, nor does Macy's have or certify training personal to train. In addition to the investigation process, Macy's stands on the words of Eddie Hales without supporting documentation. Macy's has also failed to acknowledge Eddie Hales prejudice remarks about my former profession as a police officer. Eddie Hale made it comment to both Keith and me on two separate occasions. When asked about the remark, Eddie Hales told Nikki Washington, "They took it out of content, that's not what I meant". For these reasons, I request to move forward with my claim.

15.   Plaintiff _____   still works for defendant(s)

      _X_   no longer works for defendant(s) or was not hired

16.   If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation? _____ Yes   _X_ No

      If you checked "Yes," please explain: _____

      _____

      _____

      _____

      _____

17.   If your case goes to trial, it will be heard by a judge <u>unless</u> you elect a jury trial.  Do you request a jury trial? _X_ Yes _____ No

## **Request for Relief**

As relief from the allegations of discrimination and/or retaliation stated above, plaintiff prays that the Court grant the following relief (check any that apply):

_X_   Defendant(s) be directed to _resend termination_

      _____

_X_   Money damages (list amounts) _loss wages in the amount_
      _of 55,000 plus bonus earned. Reimbursement of denied unemployment_
      _benefits in which employer denied._
_____   Costs and fees involved in litigating this case

_____   Such other relief as my be appropriate

## <u>PLEASE READ BEFORE SIGNING THIS COMPLAINT</u>

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this _17th_ day of _August_____, 20 _22_____

_____
(Signature of plaintiff *pro se*)

_Louis Brown_____
(Printed name of plaintiff *pro se*)

_3007 Sonya Ln_____
(street address)

_Snellville GA 30078_____
(City, State, and zip code)

_zoombrown@yahoo.com_____
(email address)

_404-357-5066_____
(telephone number)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Atlanta District Office**
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 05/19/2022

**To:** Mr. Louis Brown
3007 Sonya Ln
Snellville, GA 30078

Charge No: 410-2021-03423

EEOC Representative and email:    Serena Curry
Investigator
serena.curry@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2021-03423.

On behalf of the Commission

Daniel E. Nance

Digitally signed by Daniel
E. Nance
Date: 2022.05.19 15:49:47
-04'00'

*Daniel E. Nance*        For

Darrell E. Graham
District Director

**Cc:**
Jeff Seidle
Littler Mendelson, P.C.
MacysLCSCharges@littler.com

Trish Martin
Littler Mendelson, P.C.
MacysLCSCharges@littler.com


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 410-2021-03423 to the District Director at Darrell Graham, 100 Alabama Street, SW Suite 4R30

Atlanta, GA 30303.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **410-2021-03423** |

_____ and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **MR. LOUIS BROWN** | **404-357-5066** | **1984** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3007 SONYA LN, SNELLVILLE, 30078** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **MACY'S** | **501+** | **(770) 961-3300** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1500 SOUTHLAKE CIRCLE, MORROW, GA 30260** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **02-01-2021**   Latest **02-01-2021**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by the above-named employer in October 2019, as an Asset Protection Detective. My most recent position was Assistant Asset Protection Manager.  On or about December 18, 2020, a female customer attempted to steal some merchandise and the police were contacted.  As a result, the Asset Protection Detective Keith Buchanan submitted a report to the police that contained some inaccuracies.  I later approved the report.  Shortly thereafter, the Asset Protection Training Director Eddie Hale told me to submit a statement to him stating that I failed to read Mr. Buchanan's report.  On or about February 1, 2021, I was discharged.

The employer stated that I was discharged for falsifying records.  However, I was replaced by a female who previously approved an inaccurate report and she was not discharged.

I believe that I have been discriminated against because of my sex (male), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Louis Brown on 06-16-2021 08:20 AM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1.   FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2.   AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3.   PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4.   ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5.   WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.